# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No.: 0:17-cr-674-JMC-1 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Shiquisa Monique Watts, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Shiquisa Monique Watts' Motion to Reduce Sentence filed on June 8, 2020. (ECF No. 102.) After reviewing the Motion, pertinent law, and the record, the court **DENIES** Defendant's Motion to Reduce Sentence (ECF No. 102) without prejudice.

### I.     FACTUAL AND PROCEDURAL HISTORY

On July 18, 2017, the Grand Jury indicted Defendant on the following count: "knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a Ruger, model LCP, .380 caliber handgun and rounds of .380 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce, [i]n violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e)." (ECF No. 2 at 1.) Defendant pleaded guilty to the charge on March 14, 2018. (ECF No. 65.) On December 21, 2018, Defendant was sentenced to a term of twenty-seven (27) months, followed by three (3) years of supervised release. (ECF No. 64 at 2–3.) On January 18, 2019, Defendant appealed her case to the United States Court of Appeals for the Fourth Circuit (ECF No. 88), which appeal was dismissed on March 23, 2020. (ECF No. 100.)

Defendant is currently incarcerated at the Federal Prison Camp. During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also

1

known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus. On June 8, 2020, Defendant filed this *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) based on the COVID-19 pandemic. (ECF No. 102.)

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except (1) upon the motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant under limited circumstances, after considering extraordinary and compelling reasons in relation to policy statements issued by the Sentencing Commission; (2) upon motion of the Government pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. In this case, to warrant a sentence reduction, Defendant must prove she has exhausted administrative remedies within the BOP, as well as present "extraordinary and compelling reasons" for the modification of her sentence. 18 U.S.C. § 3582(c)(1)(A).

## III.     ANALYSIS

Defendant seeks modification of her sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). This provision allows defendants, not only the Director of the BOP, to file a motion for reduction of sentence after "fully exhaust[ing] all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts may grant a sentence reduction after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds "(1) extraordinary and compelling

reasons warrant such a reduction;" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In this case, Defendant filed her Request for Reduction in Sentence to the warden on May 19, 2020, which was denied on May 27, 2020. (ECF No. 102 at 3.) There is nothing in the record to indicate that Defendant appealed this decision, or took any further actions. Therefore, Defendant has not exhausted all administrative remedies within the BOP. Defendant also fails to present "extraordinary and compelling reasons" for a sentence reduction. In her Motion, Defendant does not claim any medical condition that puts her at a greater risk of COVID-19. The Presentence Investigation Report also indicates that Defendant does not take any prescribed medications, is not under the current care of a physician, and is in good health. (ECF No. 73 at 16.)

Generally, federal circuit and district courts have ruled against compassionate release based on COVID-19. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Because Defendant neither exhausted administrative remedies within the BOP, nor presents "extraordinary and compelling reasons" for a sentence reduction, the court finds that she is not entitled to relief. (ECF No. 102.)

### IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Shiquisa Monique Watts' Motion to Reduce Sentence (ECF No. 102) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 30, 2020
Columbia, South Carolina